IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| STATES CREDIT HOLDINGS, II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| LYLE E. SCHILPP | ) | |
| | ) | |
| **Serve: 28587 Gaulrapp Rd.** | ) | **Jury Demanded** |
| **Rock Falls, IL 61071** | ) | |
| | ) | |
| SONYA A. SCHILPP | ) | |
| | ) | |
| **Serve: 28587 Gaulrapp Rd.** | ) | |
| **Rock Falls, IL 61071** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW plaintiff States Credit Holdings, II, LLC ("SCH") by and through counsel, and states as follows for its Complaint against Lyle E. Schilpp and Sonya A. Schilpp ("defendants"):

### General Allegations

1.     The promissory note, security agreements, and loan documents referenced herein originated with US Bank National Association ("US Bank"). US Bank previously assigned these promissory notes, security agreements, and loan documents to SCH, who assigned the servicing right to States Resources Corp.  Plaintiff is the real party in interest.

2.     States Credit Holdings, II, LLC. is a nonpublic company organized under the laws of the State of Delaware.   SCH does not have a parent corporation; no publicly held corporation owns more than ten percent (10%) of the outstanding shares of States Credit Holdings, II, LLC.

1

3.     Jurisdiction exists in that Plaintiff is not a resident of Illinois and the amount at issue is in excess of $75,000.00.

### December 30, 2011 note for $900,000.00 – Note 1

4.     On December 30, 2011, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank a Revolving Credit Note and Revolving Credit Agreement ("Note 1") whereby they agreed to repay the sum of $900,000.00 pursuant to the terms and conditions set forth therein. A true and correct copy of Note 1 is attached hereto as Exhibit "A" and fully incorporated herein by this reference.

5.     Also on December 30, 2011, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank, a Business Security Agreement ("the December 2011 Farm Agreement") whereby they pledged certain items ("the Collateral") as security for their obligations under Note 1. A true and correct copy of the December 2011 Farm Agreement is attached hereto as Exhibit "B" and fully incorporated herein by this reference.

6.     On January 11, 2012, a UCC Financing Statement regarding the loan and collateral ('the First UCC Statement") was filed with the Illinois Secretary of State. A true and correct copy of the First UCC Statement is attached hereto as Exhibit "C" and fully incorporated herein by this reference.

7.     On February 15, 2013, an Amendment to Loan Agreement and Note was executed by the parties which extended the maturity date of Note 1 to February 15, 2014.

8.     On December 11, 2014, Note 1, the 2011 Farm Agreement, and the First UCC Statement were assigned to plaintiff by US Bank.

2

9.     On December 30, 2014, an Assignment of UCC Financing Statement ("the Assigned UCC Statement") was filed with the Illinois Secretary of State. A true and correct copy of the Amended First UCC Statement is attached hereto as Exhibit "D" and fully incorporated herein by this reference.

10.    Plaintiff is the current owner and holder of Note 1, the December 2011 Farm Agreement, and the First UCC Statement.

### December 20, 2011 note for $43,000.00- Note 2

11.    On December 30, 2011, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank a Term Note and Term Note Agreement ("Note 2") whereby they agreed to repay the sum of $43,000.00 pursuant to the terms and conditions set forth therein. A true and correct copy of Note 2 is attached hereto as Exhibit "E" and fully incorporated herein by this reference.

12.    Note 2 is secured by the December 2011 Farm Agreement and covered by the First UCC Statement.

13.    On March 8, 2013, an Amendment to Loan Agreement and Note was executed by the parties which extended the maturity date of Note 2 to December 30, 2016.

14.    On December 11, 2014, Note 2, the 2011 Farm Agreement, and the First UCC Statement were assigned to plaintiff by US Bank.

15.    Plaintiff is the current owner and holder of Note 2, the December 2011 Farm Agreement, and the First UCC Statement.

### December 20, 2011 note for $177,500.00- Note 3

16.    On December 30, 2011, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank a Term Note and Term Note Agreement ("Note

3

3") whereby they agreed to repay the sum of $177,500.00 pursuant to the terms and conditions set forth therein. A true and correct copy of Note 3 is attached hereto as Exhibit "F" and fully incorporated herein by this reference.

17.     Note 3 is secured by the December 2011 Farm Agreement and covered by the First UCC Statement.

18.     On March 8, 2013, an Amendment to Loan Agreement and Note was executed by the parties which extended the maturity date of Note 3 to December 30, 2018.

19.     On December 11, 2014, Note 3, the 2011 Farm Agreement, and the First UCC Statement were assigned to plaintiff by US Bank.

20.     Plaintiff is the current owner and holder of Note 3, the December 2011 Farm Agreement, and the First UCC Statement.

### February 28, 2013 note for $750,000.00- Note 4

21.     On February 28, 2013, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank a Term Note and Term Note Agreement ("Note 4") whereby they agreed to repay the sum of $750,000.00 pursuant to the terms and conditions set forth therein. A true and correct copy of Note 4 is attached hereto as Exhibit "G" and fully incorporated herein by this reference.

22.     Note 4 is secured by the December 2011 Farm Agreement and covered by the First UCC Statement.

23.     On September 20, 2013, an Amendment to Loan Agreement and Note was executed by the parties which extended the maturity date of Note 4 to October 10, 2013.

24.     On December 11, 2014, Note 4, the 2011 Farm Agreement, and the First UCC Statement were assigned to plaintiff by US Bank.

4

25.     Plaintiff is the current owner and holder of Note 4, the December 2011 Farm Agreement, and the First UCC Statement.

### June 3, 2013 note for $60,000.00- Note 5

26.     On June 3, 2013, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank a Term Note and Term Note Agreement ("Note 5") whereby they agreed to repay the sum of $60,000.00 pursuant to the terms and conditions set forth therein.  A true and correct copy of Note 5 is attached hereto as Exhibit "H" and fully incorporated herein by this reference.

27.     Also on June 3, 2013, and in exchange for good and valuable consideration, defendants executed and delivered to US Bank a second Business Security Agreement ("the June 3, 2013 Farm Agreement") whereby they pledged all fixtures on real property described as:

An undivided one-third interest in the following described real estate:

Part of the E 1/2 of the NW 1/4 of Section 15, Township 20 North, Range 8 East of the 4th Principal Meridian, Lee County, Illinois, described as follows:

Beginning at a point on the East line of the N/W 1/4 of said Section 15, said point deeded as being 305.00' North of the Southeast corner thereof; thence Northerly, along said East line, a distance of 940.85' to the centerline of a drainage ditch, said point being 1389.32' South of Northeast corner of said NW 1/4; thence Northwesterly, along said centerline, at an angle of 132° 30' 45" as measured clockwise from the last described course, a distance of 1798.89' to a point on the West line of the E 1/2 of said NW 1/4, said point being 163.40' South of the Northwest corner of said E 1/2; thence, Southerly, along said West line, at an angle of 47° 28' 23" as measured clockwise from the last described course a distance of 2471.48' to the Southwest corner of said E1/2; thence Easterly, along the South line thereof, at an angle of 89° 34' 38" as measured clockwise from the last described course, a distance of 802.72' to the Southwest corner of an existing 4.84 acre tract; thence Northerly, along the West line of said tract, at an angle of 90° 25' 01" as measured clockwise from the last described course, a distance of 500.80' to the Northwest corner of said 4.84 acre tract; thence Southeasterly, along the Northerly line thereof, at an angle of 69° 51' 48" as measured counterclockwise from the last described course, a distance of 556.93' to the point of beginning, containing 51.729 acres, more or less.

5

AND

An undivided one-half interest in the following described real estate:

The NE1/4 of Section 15 in Township 20 North, Range 8 East of the 4th Principal Meridian, excepting therefrom Lots 1, 2, 6, 7, 8, 9 and 10 in Block "C", Lots 1, 2, 9 and 10 in Block "D", Lots 7, 8, 9, 10, 11 and 12 in Block "H", and Lots 3, 4 and 5 in Block "M", all of said Lots and Blocks being situated in the Town (now Village) of Harmon, reference being had to the plat thereof recorded in the Recorder's Office of Lee County, Illinois, in Book "B" of Miscellaneous Records on Page 153, and also excepting 2 acres Southwest of the Railroad right of way in said Section 15, situated in the County of Lee, in the State of Illinois:

EXCEPTING THEREFROM: Part of the NE 1/4 of Section 15, Township 20 North, Range 8 East of the 4th Principal Meridian, Lee County, Illinois described as follows: Beginning at a point on the East line of said Section 15, 1060.0' North of the Southeast corner of the said NE 1/4, thence extending Northerly on the said East line of Section 15, 40.0'; thence Westerly parallel with the South line of the said NE 1/4, 120.0'; thence Southerly parallel with the said East line of Section 15, 40.0'; thence Easterly parallel with the said South line of the NE 1/4, 120.0' to the said point of beginning:

AND ALSO EXCEPTING THEREFROM: Part of the NE 1/4 of Section 15, Township 20 North, Range 8 East of the 4th Principal Meridian, Lee County, Illinois, described as follows: Beginning at a point on the East line of said Section 15, 1010.0' North of the Southeast corner of the said NE 1/4; thence extending Northerly on the said East line of Section 15, 50.0'; thence Westerly parallel with the South line of the said NE 1/4, 120.0'; thence Southerly parallel with the said East line of Section 15, 50.0'; thence Easterly parallel with the said South line of the NE 1/4, 120.0' to the said point of beginning.

PARCEL NUMBER: 10-13-15-201-001

("the fixtures") as security for their obligations under Note 5. A true and correct copy of the June 3, 2013 Farm Agreement is attached hereto as Exhibit "I" and fully incorporated herein by this reference.

28. On June 11, 2013, a UCC Financing Statement regarding the loan and fixtures ('the Second UCC Statement") was filed with the Illinois Secretary of State. A true and correct copy of the Second UCC Statement is attached hereto as Exhibit "J" and fully incorporated herein by this reference.

29.     On June 12, 2013, the Second UCC Statement was recorded in the Lee County, Illinois Recorder's Office at Book 1306 Page 1131-1134. A true and correct copy of the recorded Second UCC Statement is attached hereto as Exhibit "K" and fully incorporated herein by reference.

30.     Note 5 is also secured by the December 2011 Farm Agreement and covered by the First UCC Statement.

31.     Note 5 matures on June 3, 2018.

32.     On December 11, 2014, Note 5, the 2011 Farm Agreement, the 2013 Farm Agreement, and the First and Second UCC Statements were assigned to plaintiff by US Bank.

33.     On December 30, 2014, an Assignment of UCC Financing Statement ("the Second Assigned UCC Statement") was filed with the Illinois Secretary of State. A true and correct copy of the Amended Second UCC Statement is attached hereto as Exhibit "L" and fully incorporated herein by this reference.

34.     Plaintiff is the current owner and holder of Note 5, the December 2011 Farm Agreement, the June 2013 Farm Agreement, and the First and Second UCC Statements.

## Count I – Breach of Contract
### ( Note 1)

35.     Plaintiff adopts and incorporates by reference paragraphs 1 through 10 and 32 through 34 of its Complaint as and for paragraph 35 as if fully restated herein.

36.     Defendants have defaulted in their obligations under the Note 1.

37.     Note 1 matured on February 15, 2014 and the entire balance is immediately due and payable.

38.     Plaintiff has demanded payment from defendants but defendants have failed and refused to pay plaintiff the amounts due and owing under Note 1.

7

39.     The amount due and owing under Note 1 as of March 27, 2015 is $968,726.88.

40.     Interest continues to accrue on the amount due and owing under Note 1 at the rate of $217.31192 per day.

41.     Pursuant to the terms of Note 1, defendants agreed to reimburse all collection costs, including attorneys' fees.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants, for an award of damages in the amount of $968,726.88 together with pre-judgment interest accruing after March 27, 2015 at the rate of $217.31192 per day, for an award of its collection costs incurred herein including attorneys' fees, for an award of post-judgment interest at the rate of $217.31192 per day, and for such other and further relief it deems just and proper.

### Count II – Breach of Contract
### (Note 2)

42.     Plaintiff adopts and incorporates by reference paragraphs 1 through 3, 11 through 15, and 32 through 34 of its Complaint as and for paragraph 42 as if fully restated herein.

43.     Defendants have defaulted in its obligations under Note 2.

44.     Plaintiff has accelerated and declared immediately due and payable all amounts due and owing under Note.

45.     Plaintiff has demanded payment from defendants but defendants have failed and refused to pay plaintiff the amounts due and owing under Note 2.

46.     The amount due and owing under Note 2 as of March 27, 2015 is $28,464.59.

47.     Interest continues to accrue on the amount due and owing under Note 2 at the rate of $6.90206 per day.

8

48. Pursuant to the terms of Note 2, defendants agreed to reimburse all collection costs, including attorneys' fees.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants, for an award of damages in the amount of $28,464.59 together with pre-judgment interest accruing after March 27, 2015 at the rate of $6.90206 per day, for an award of its collection costs incurred herein including attorneys' fees, for an award of post-judgment interest at the rate of $6.90206 per day, and for such other and further relief it deems just and proper.

### Count III – Breach of Contract
**(Note 3)**

49. Plaintiff adopts and incorporates by reference paragraphs 1 through 3, 16 through 20, and 32 through 34 of its Complaint as and for paragraph 49 as if fully restated herein.

50. Defendants have defaulted in its obligations under Note 3.

51. Plaintiff has accelerated and declared immediately due and payable all amounts due and owing under Note.

52. Plaintiff has demanded payment from defendants but defendants have failed and refused to pay plaintiff the amounts due and owing under Note 2.

53. The amount due and owing under Note 3 as of March 27, 2015 is $141,156.91.

54. Interest continues to accrue on the amount due and owing under Note 3 at the rate of $35.82624 per day.

55. Pursuant to the terms of Note 3, defendants agreed to reimburse all collection costs, including attorneys' fees.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants, for an award of damages in the amount of $141,156.91

together with pre-judgment interest accruing after March 27, 2015 at the rate of $35.82624 per day, for an award of its collection costs incurred herein including attorneys' fees, for an award of post-judgment interest at the rate of $35.82624 per day, and for such other and further relief it deems just and proper.

**Count IV – Breach of Contract**
**(Note 4)**

56.     Plaintiff adopts and incorporates by reference paragraphs 1 through 3, 21 through 25, and 32 through 34 of its Complaint as and for paragraph 56 as if fully restated herein.

57.     Defendants have defaulted in its obligations under Note 4.

58.     Note 4 matured on October 10, 2013 and all amounts due and owing under the Note are immediately due and payable.

59.     Plaintiff has demanded payment from defendants but defendants have failed and refused to pay plaintiff the amounts due and owing under Note 4.

60.     The amount due and owing under Note 4 as of March 27, 2015 is $433,394.44.

61.     Interest continues to accrue on the amount due and owing under Note 4 at the rate of $97.22222 per day.

62.     Pursuant to the terms of Note 4, defendants agreed to reimburse all collection costs, including attorneys' fees.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants, for an award of damages in the amount of $433,394.44 together with pre-judgment interest accruing after March 27, 2015 at the rate of $97.22222 per day, for an award of its collection costs incurred herein including attorneys' fees, for an award of post-judgment interest at the rate of $97.22222 per day, and for such other and further relief it deems just and proper.

## Count V – Breach of Contract
### (Note 5 )

63.     Plaintiff adopts and incorporates by reference paragraphs 1 through 3 and 26 through 34 of its Complaint as and for paragraph 63 as if fully restated herein.

64.     Defendants have defaulted in its obligations under Note 5.

65.     Plaintiff has accelerated and declared immediately due and payable all amounts due and owing under Note.

66.     Plaintiff has demanded payment from defendants but defendants have failed and refused to pay plaintiff the amounts due and owing under Note 5.

67.     The amount due and owing under Note 5 as of March 27, 2015 is $64,120.33.

68.     Interest continues to accrue on the amount due and owing under Note 4 at the rate of $14.03333 per day.

69.     Pursuant to the terms of Note 5, defendants agreed to reimburse all collection costs, including attorneys' fees.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants, for an award of damages in the amount of $64,120.33 together with pre-judgment interest accruing after March 27, 2015 at the rate of $14.03333 per day, for an award of its collection costs incurred herein including attorneys' fees, for an award of post-judgment interest at the rate of $14.03333 per day, and for such other and further relief it deems just and proper.

## Count VI – Replevin

70.     Plaintiff adopts and incorporates by reference paragraphs 1 through 69 of its Complaint as and for paragraph 70 as if fully restated herein.

11

71.     Pursuant to the terms of the December 2011 Farm Agreement and the June 3, 2013 Farm Agreement, plaintiff is lawfully entitled to possession of the collateral and the fixtures.

72.     Upon information and belief, the majority of the collateral and crops are located at 1025 Schilpp Road, Harmon, Illinois and presently includes, but is not limited to, crops, farm equipment and machinery, and motor vehicles.

73.     The Collateral is wrongfully detained by defendant.

74.     Plaintiff has demanded that defendant assemble and/or deliver possession of the Collateral to it.

75.     To the best of plaintiff's knowledge, the Collateral has not been seized under any legal process, execution or attachment.

76.     The value of the Collateral is unknown to plaintiff.

77.     Plaintiff hereby claims the value of any portion of the Collateral not delivered pursuant to an order for replevin hereafter entered by this Court.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants and for an Order:

(a)     awarding plaintiff possession of the Collateral;

(b)     directing defendant to deliver possession of the Collateral to plaintiff on or by a date certain;

(c)     awarding plaintiff the value of any portion of the Collateral not delivered by defendant;

(d)     awarding plaintiff damages for defendant's detention of the Collateral;

(e)     awarding it its costs and fees incurred herein; and

(f)     awarding such other and further relief it deems just and proper under the premises.

## Count VII – Fraudulent Transfer

78.     Plaintiff adopts and incorporates by reference paragraphs 1 through 77 of its Complaint as and for paragraph 78 as if fully restated herein.

79.     Pursuant to the December 2011 Farm Agreement and the June 3, 2013 Farm Agreement, all crops and proceeds from the sales of crops of defendants are subject to plaintiff's first priority lien.

80.     Upon information and belief, defendants transferred crops subject to plaintiff's lien with actual intent to hinder, delay, or defraud plaintiff.

81.     Upon information and belief, some of the transfers were to insiders.

82.     Upon information and belief, defendants retained possession of the sale proceeds after the transfers.

83.     The transfers have been concealed from plaintiff.

WHEREFORE, plaintiff States Credit Holdings, II, LLC, prays this Court for Judgment in its favor and against defendants and for an Order:

      (a)     finding the transfer of any crops was fraudulent;

      (b)     awarding plaintiff the value of any crops transferred by defendants;

      (c)     awarding plaintiff punitive damages if applicable;

      (d)     awarding it its costs and fees incurred herein; and

      (e)     awarding such other and further relief it deems just and proper under the premises.

Respectfully Submitted,

MARTIN, LEIGH, LAWS & FRITZLEN, P.C.


/s/ Amy T. Ryan
Amy T. Ryan, ARDC 6244881
16305 Swingley Ridge Road – Suite 350
Chesterfield, MO 63017
Telephone:  (636) 534-7600
Facsimile:   (636) 534-5520
atr@mllfpc.com
***Attorneys for Plaintiff***

14