IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| STATES CREDIT HOLDINGS, II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-50090-IDJ |
| | ) | |
| LYLE E. SCHILPP, et ux., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW plaintiff States Credit Holdings II, LLC ("**Plaintiff**"), by and through counsel, and states as follows for its Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment:

### I.      Introduction

This case involves five promissory notes and a Business Security Agreement executed by defendants Lyle E. Schilpp and Sonya A. Schilpp ("**Defendants**"). (Uncontroverted Material Fact "UMF" 5, 9, 13, 17, 21, 25).  Each of the promissory notes has either matured or has been accelerated and declared immediately due and payable, however Defendants have failed to pay Plaintiff the amounts due and owing under each of the promissory notes. (UMF 6, 7, 10, 11, 14, 15, 18, 19, 22, 23). Plaintiff filed this action seeking damages for breach of contract under each of the notes. Plaintiff also seeks to obtain possession of certain items ("**the Collateral**") which were pledged as security for the promissory notes via the Business Security Agreement. (UMF 25). There is no genuine dispute as to any material fact and, as such, Plaintiff is entitled to judgment as a matter of law.

1

## II.  Standard of Review

Federal Rule of Civil Procedure 56(a) provides that the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party, who must go beyond conclusory allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Payne v. Pauley, 337 F.3d 767, 773 (7th Cir. 2003).

## III.  Authority and Analysis

### Counts I – V: Breach of Contract

Counts I – V of Plaintiff's Complaint seek money damages for breach of contract based upon Defendants' breach of their obligations under each of the five promissory notes. Under Illinois law, the elements of a breach of contract claim are: 1) the existence of a valid and enforceable contract; 2) performance by the plaintiff; 3) breach of the contract by the defendant; and 4) resultant injury to the plaintiff. Henderson-Smith & Associates, Inc. v. Nahamani Family Serv. Ctr., Inc., 323 Ill. App. 3d 15, 27 (1st Dist. 2001). Plaintiff has presented uncontroverted facts establishing each of these elements for each of the five promissory notes and is therefore entitled to summary judgment on Counts I – V of its Complaint.

### December 30, 2011 Note for $900,000.00 (Note 1)

Defendants have admitted that they executed Note 1 in exchange for good and valuable consideration, thus there is no dispute as to the existence of a valid and enforceable contract. (UMF 5). Plaintiff has presented uncontroverted facts establishing that Plaintiff performed its obligations under Note 1 by providing credit to Defendants in the amount of $900,000.00. (UMF 5). Defendants have also admitted that Note 1 matured on February 15, 2014, making the entire

2

balance immediately due and payable, and that Defendants have failed to pay, thus there is no dispute that Defendants have breached their obligations under Note 1. (UMF 6, 7). Finally, Plaintiff has demonstrated that it has been damaged by Defendants' breach because there is a balance due and owing from Defendants of $1,009,581.52. (UMF 8).

### December 20, 2011 Note for $43,000.00 (Note 2)

Defendants have admitted that they executed Note 2 in exchange for good and valuable consideration, thus there is no dispute as to the existence of a valid and enforceable contract. (UMF 9). Plaintiff has presented uncontroverted facts establishing that Plaintiff performed its obligations under Note 2 by providing credit to Defendants in the amount of $43,000.00. (UMF 9). Plaintiff has established that it has accelerated Note 2 and declared immediately due and payable all amounts due under Note 2 and Defendants have admitted that they have failed to pay. (UMF 10, 11). There is therefore no dispute that Defendants have breached their obligations under Note 2. Finally, Plaintiff has demonstrated that it has been damaged as a result of Defendants' breach because there is a balance due and owing from Defendants of $30,249.81. (UMF 12).

### December 20, 2011 Note for $177,500.00 (Note 3)

Defendants have admitted that they executed Note 3 in exchange for good and valuable consideration, thus there is no dispute as to the existence of a valid and enforceable contract. (UMF 13). Plaintiff has presented uncontroverted facts establishing that Plaintiff performed its obligations under Note 3 by providing credit to Defendants in the amount of $177,500.00. (UMF 13). Plaintiff has established that it has accelerated Note 3 and declared immediately due and payable all amounts due under Note 3 and Defendants have admitted that they have failed to pay. (UMF 14, 15). There is therefore no dispute that Defendants have breached their obligations

under Note 3. Finally, Plaintiff has demonstrated that it has been damaged as a result of Defendants' breach because there is a balance due and owing from Defendants of $149,415.51. (UMF 16).

### *February 28, 2013 Note for $750,000.00 (Note 4)*

Defendants have admitted that they executed Note 4 in exchange for good and valuable consideration, thus there is no dispute as to the existence of a valid and enforceable contract. (UMF 17). Plaintiff has presented uncontroverted facts establishing that Plaintiff performed its obligations under Note 4 by providing credit to Defendants in the amount of $750,000.00. (UMF 17). Defendants have also admitted that Note 4 matured on October 10, 2013, making the entire balance immediately due and payable, and that Defendants have failed to pay, thus there is no dispute that Defendants have breached their obligations under Note 4. (UMF 18, 19). Finally, Plaintiff has demonstrated that it has been damaged as a result of Defendants' breach because there is a balance due and owing from Defendants of $451,672.22. (UMF 20).

### *June 3, 2013 Note for $60,000.00 (Note 5)*

Defendants have admitted that they executed Note 5 in exchange for good and valuable consideration, thus there is no dispute as to the existence of a valid and enforceable contract. (UMF 21). Plaintiff has presented uncontroverted facts establishing that Plaintiff performed its obligations under Note 5 by providing credit to Defendants in the amount of $60,000.00. (UMF 21). Plaintiff has established that it has accelerated Note 5 and declared immediately due and payable all amounts due under Note 5 and Defendants have admitted that they have failed to pay. (UMF 22, 23). There is therefore no dispute that Defendants have breached their obligations under Note 5. Finally, Plaintiff has demonstrated that it has been damaged as a result of

4

Defendants' breach because there is a balance due and owing from Defendants of $67,422.59. (UMF 24).

### Count VI: Replevin

Count VI of Plaintiff's Complaint seeks to recover possession of the Collateral which was pledged as security for Defendants' obligations under the promissory notes. Under Illinois law, the plaintiff in a replevin action must show that: 1) Plaintiff is lawfully entitled to possession of the property that is the subject of the replevin action; 2) Defendant has wrongfully detained the property; and 3) Defendant has refused to deliver possession of the property to Plaintiff. Int'l Harvester Credit Corp. v. Helland, 130 Ill. App. 3d 836, 838 (2nd Dist. 1985).

Here, Defendants have admitted that they executed the Business Security Agreement dated December 30, 2011 ("**the December 2011 Farm Agreement**"), whereby they pledged the Collateral as security for their obligations under Note 1. (UMF 25). Plaintiff is the current owner and holder of the December 2011 Farm Agreement. (UMF 29). Paragraph 4.1 of the December 2011 Farm Agreement provides that upon Defendants' default, the lender shall have the right to repossess the Collateral. (UMF 26). Finally, Defendants have admitted that they have defaulted on their obligations under Note 1. (UMF 6, 7). The uncontroverted facts therefore establish that pursuant to the terms of the December 2011 Farm Agreement, Plaintiff is lawfully entitled to possession of the Collateral. The uncontroverted facts also show that Defendants have wrongfully detained the Collateral because Defendants have admitted that the Collateral is located at 1025 Schilpp Road, Harmon, Illinois. (UMF 27). Plaintiff has demanded that Defendants assemble and/or deliver possession of the Collateral to Plaintiff, but Defendants have refused to do so. (UMF 28). Because the facts upon which Plaintiff's replevin claim is based are not in dispute, Plaintiff is entitled to summary judgment on Count VI of its Complaint.

## IV.    Conclusion

Plaintiff has demonstrated that there is no genuine issue of material fact as to Counts I – VI of its Complaint. For each of the notes at issue, the uncontroverted facts establish that there is a valid contract, that Plaintiff performed its obligations under that contract, that Defendants have breached their obligations, and that Plaintiff has been injured as a result. Plaintiff has also shown that it is entitled to summary judgment on its replevin claim because the uncontroverted facts establish that Plaintiff is entitled to possession of the Collateral, Defendants are wrongfully detaining the Collateral, and Defendants have refused to deliver possession of the Collateral to Plaintiff. Because the material facts upon which Plaintiff's claims are based are not in dispute, Plaintiff entitled to summary judgment in its favor on Counts I – VI of its Complaint.

WHEREFORE plaintiff States Credit Holdings II, LLC prays this Court for Summary Judgment on Counts I – VI of its Complaint and for such other and further relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

MARTIN LEIGH PC

/s/ Amy T. Ryan
Amy T. Ryan, ARDC 6244881
16305 Swingley Ridge Road – Suite 350
Chesterfield, MO 63017
Telephone:  (636) 534-7600
Facsimile:  (636) 534-5520
atr@martinleigh.com
**Attorneys for Plaintiff**

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was served to all counsel of record on the 7th day of October, 2015 via the Court's ECF system:

Stephen M. Langley, Esq.
Hampilos & Langley, Ltd.
308 West State Street Suite 210
Rockford, Illinois  61101
<u>steve@hampilos-langley.com</u>

/s/  Amy T. Ryan
AMY T. RYAN

7